UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| THREE T NURSERY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | 4:11-cv-29 |
| v. | ) | *Lee* |
| | ) | |
| | ) | |
| RURAL COMMUNITY INSURANCE | ) | |
| AGENCY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The Court previously ordered the parties to brief any threshold issues in this case [Doc. 33]. In response to the Court's order, the parties submitted briefs [Docs. 35, 36 & 37] in which Defendant Rural Community Insurance Agency, Inc. essentially argued for a deferential review of the arbitration award issued in the case pursuant to the Federal Arbitration Act ("FAA") and Plaintiffs argued for *de novo* judicial review. The Court construes these briefs as seeking a determination on the standard of review the Court will apply in the case.

At bottom, the parties' dispute as to the appropriate standard of review by this Court turns on the interpretation of crop insurance policy provisions that address the appeal of an insurance claim determination made by the Federal Crop Insurance Corporation ("FCIC") or a private insurance company issuing crop insurance policies pursuant to a reinsurance agreement with the

FCIC. The policy provisions applicable to this case state, in relevant part, as follows:

>   20. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.
>
>   (a) If you and we fail to agree on any determination made by us except those specified in 20(d), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f). . .
>
>   > (2) Unless the dispute is resolved through mediation, the arbitrator must provide to you and us a written statement describing the issues in dispute, the factual findings, the determinations and the amount and basis for any award and breakdown by claim for any award. . . . Failure of the arbitrator to provide such written statement will result in the nullification of all determinations of the arbitrator. . . .
>
>   (b) Regardless of whether mediation is elected:
>
>   > (1) The initiation of arbitration proceedings must occur within one year of the date we denied your claim or rendered the determination with which you disagree, whichever is later;
>   >
>   > (2) If you fail to initiate arbitration in accordance with section 20(b)(1) and complete the process, you will not be able to resolve the dispute through judicial review;
>   >
>   > (3) If arbitration has been initiated in accordance with section 20(b)(1) and completed, and judicial review is sought, suit must be filed not later than one year after the date the arbitration decision was rendered . . .
>
>   (c) Any decision rendered in arbitration is binding on you and us unless judicial review is sought in accordance with section 20(b)(3). Notwithstanding any provision in the rules of the AAA, you and we have the right to judicial review of any decision rendered in arbitration.

2

[Doc. 31-1 at PageID#: 162-63]. Defendant takes the position that the term "judicial review" in section 20(c) means a narrow review pursuant to the FAA, while Plaintiffs take the position that, because the arbitration is binding *unless* judicial review is sought and the policy contains no specific language about the scope of review, judicial review is *de novo*.

As a preliminary matter, the FAA applies to arbitration awards in crop insurance cases. *See Great Am. Ins. Co. v. Moye*, 733 F. Supp. 2d 1298, 1302 (M.D. Fla. 2010) (noting the FAA applies to contracts affecting interstate commerce and citing cases finding the FAA applies to crop insurance contracts), *Svancara v. Rain and Hail, LLC*, No. 8:09CV144, 2009 WL 2982906, at *3 (D. Neb. Sept. 11, 2009) ("I conclude that a crop insurance policy, reinsured by a federal agency, 'involves interstate commerce'"), *In re 2000 Sugar Beet Crop Ins. Litig.*, 228 F. Supp. 2d 992, 997 (D. Minn. 2002) ("[T]he FAA and other federal laws are applicable" to crop insurance policies), *Nobles v. Rural Cmty. Ins. Servs.*, 122 F. Supp. 2d 1290, 1299-1300 (M.D. Ala. 2000).

The FAA provides the parties may apply to the court for a confirmation of the award within one year of the award (9 U.S.C. § 9), the award may be vacated for various grounds (9 U.S.C. § 10), and a court may modify or correct an arbitration award (9 U.S.C. § 11). Although the FAA itself does not explicitly address the court's standard of review when faced with a lawsuit essentially appealing an arbitration award, the United States Court of Appeals for the Sixth Circuit has indicated that the FAA "'expresses a presumption that arbitration awards will be confirmed . . . . When courts are called on to review an arbitrator's decision, the review is very narrow; it is one of the narrowest standards of judicial review in all of American jurisprudence.'" *Uhi v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 305 (6th Cir. 2008) (quoting *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005)). "Courts should be hesitant to [disturb arbitration awards] . . . in order to

protect the finality of arbitration decisions." *Int'l Bhd. of Teamsters, Local 519 v. United Parcel Serv., Inc.*, 335 F.3d 497, 503 (6th Cir. 2003) (citations and internal quotations omitted).

Perhaps as a result of the evolution of crop insurance policy provisions concerning arbitration, there are few courts that have had an opportunity to address the meaning of the relatively new "judicial review" language contained in the crop insurance policy provisions at issue in this matter. Courts that have addressed what "judicial review" means, however, have generally found in favor of a deferential standard of review pursuant to the FAA. In the most applicable case located on this issue, *Moye*, the plaintiff insurance company and defendant farmer completed arbitration after the insurance company denied the farmer's claim.[1] *Moye*, 733 F. Supp. 2d at 1300. The arbitrator awarded the farmer indemnity in the amount of $117,670.67. *Id.* Following the arbitration decision, the insurance company filed suit in district court and argued the term "judicial review" abrogated the arbitration decision. *Id.* at 1302. The court rejected this argument, noting that the language of the applicable provision in the policy was clear that arbitration was binding. *Id.* at 1303. The court further noted that under the policy, the insurance company was allowed to seek judicial review of the arbitration award, but "[b]ecause the FAA is applicable to this dispute, the Plaintiff is not entitled to a *de novo* review of the arbitration award, and must seek relief under the FAA, subject to the limited judicial review that the FAA prescribes." *Id.* As such, the *Moye* court declined to reconsider the merits of the case and indicated it would not entertain challenges to the

---

[1] Although the *Moye* court did not quote language from the policy in the opinion, the *Moye* complaint indicates it involved a policy issued for the 2009 crop year. In this case, the insurance policy was issued for the 2007 crop year. The relevant language in ¶ 20 of the Common Crop Insurance Policy set forth in 7 C.F.R. § 457.8 appears to have remained the same from 2005 to present. Therefore, the *Moye* court must have been addressing the same "judicial review" language as is at issue in this case.

arbitrator's factual determinations or overturn the arbitrator's decision unless the award was subject to nullification due to conflict with the policy terms or vacation on the narrow set of grounds set forth in 9 U.S.C. § 10. *Id.* at 1303-07. The *Moye* court confirmed the arbitration award pursuant to the FAA's presumption favoring confirmation and the absence of any grounds for vacating the award. *Id.* at 1308.

Other courts have also found or suggested that arbitration awards in crop insurance cases are binding pursuant to the policy terms, and that judicial review is available only to the narrow extent permitted in the FAA. *See Harrell & Owens Farm v. Fed. Crop Ins. Corp.*, No. 4:09-CV-217-FL, 2011 WL 1100265, at *4 (E.D.N.C. Mar. 23, 2011) (noting generally in the context of a request to vacate an arbitration award pursuant to 9 U.S.C. § 10 that judicial review of such awards was "substantially circumscribed" because full review would negate the purpose of arbitration; the court further noted the policy terms contemplated enforcement of the binding arbitration); *Svancara v. Rain & Hail, LLC*, No. 8:09CV144, 2009 WL 1652220, at *2-3 (D. Neb. June 11, 2009) (defendant insurance company moved to dismiss plaintiffs' complaint, arguing that policies provide for binding arbitration subject only to judicial review under the FAA; the court concluded the language of the policy provided for binding arbitration subject to judicial review); *Svancara*, 2009 WL 2982906, at *3 (noting plaintiffs' claim for judicial review would proceed pursuant to the FAA, but specifically declining to further address the court's scope of review of the arbitration awards[2]).

After reviewing the applicable case law, the Court concludes the "judicial review" allowed

---

[2] Review of subsequent records in the *Svancara* case on PACER appear to indicate the court was proceeding pursuant to 9 U.S.C. § 10 and had addressed a dispute between the parties about what extent of discovery would be permitted in the case under that narrow review. The case settled before the court could specifically address its scope of review.

5

under the applicable crop insurance policy provides for review of the arbitration decision only to the extent permitted by the FAA.[3] While there is not much guidance from other courts on this issue, the Court finds the *Moye* decision compelling because it involved an insurance company that sought precisely what Plaintiffs seek here--*de novo* review of an unfavorable arbitration award--and the *Moye* court concluded the policy term "judicial review" meant review subject to the FAA's deferential standard rather than *de novo* review. Therefore, even though a private insurance company has attempted to argue for *de novo* review when it suits the company to do so, the argument did not succeed, and nor should it succeed when the roles are reversed. Moreover, as the FAA applies to crop insurance policies, FAA principles should reasonably guide the Court's review of an appeal of the arbitration decision, and interpretation of the FAA principles does not provide for a broad review of an arbitration decision. Finally, the one year time limit for judicial review found in the policy mirrors the time limit in 9 U.S.C. § 9 for applying for confirmation of the award.[4]

Although the Court has determined its review will be narrow pursuant to the FAA, the Court is cognizant of the fact that deferential review of the arbitration decision may still implicate some amount of necessary discovery before the parties can submit the issue for the Court's ruling. As such, the Court **ORDERS** the parties to appear for a scheduling conference on **Friday, July 27,**

---

[3] The Court notes Plaintiffs have made no specific request for vacation of the award pursuant to 9 U.S.C. § 10 in their Complaint [Doc. 1]. Similarly, it does not appear Defendant has made any specific request for confirmation of the arbitration award.

[4] Even if the Court found the term "judicial review" to be ambiguous, the term cannot be construed against Defendant, as Defendant did not draft the policy terms. *See Diversified Energy, Inc. v. Tenn. Valley Auth.*, 223 F.3d 328, 339 (6th Cir. 2000) ("It is well-settled that courts are to construe ambiguities against the drafter of a contract. . ."); *see also A.W.G. Farms, Inc. v. Fed. Crop Ins. Corp.*, 757 F.2d 720, 726 (8th Cir. 1985) (noting that the terms of crop insurance policies are "under the exclusive control of the FCIC").

6

Case 4:11-cv-00029-SKL   Document 38   Filed 07/12/12   Page 6 of 7   PageID #: 274

**2012** at **3:00 p.m. [EASTERN]** to discuss and schedule all necessary deadlines in the case. Upon any request (sent to all counsel and chambers email at lee_chambers@tned.uscourts.gov), participation by telephone in the conference will be allowed.

SO ORDERED.

ENTER:

                                              s/ *Susan K. Lee*
                                              SUSAN K. LEE
                                              UNITED STATES MAGISTRATE JUDGE